IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:14cv1095 (LO/JFA) |
| | ) |
| JOHN DOE, subscriber assigned IP address | ) |
| 68.34.102.241, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

On October 21, 2014, defendant John Doe filed a motion for leave to proceed using

pseudonyms and for protective order and/or to quash subpoena.  (Docket nos. 10–12).  On

October 28, 2014, defendant filed a waiver of oral argument.  (Docket no. 13).  On November 5,

2014, plaintiff filed a corrected version of an opposition to defendant's motion.  (Docket no. 15).

Having reviewed the motion and opposition, the court is prepared to decide the issues presented

without additional briefing or oral argument.

On August 29, 2014, the court granted in part the plaintiff's motion for leave to serve a

third party subpoena prior to a Rule 26(f) conference.  (Docket no. 6).  Pursuant to that order,

plaintiff then served a subpoena on Comcast Cable, the Internet Service Provider ("ISP") for IP

address 68.34.102.241.  Defendant has moved to quash the subpoena arguing it is burdensome,

overly broad, unreasonable, and was issued for the sole purpose of annoying, harassing,

embarrassing, and causing undue burden and expense.  (Docket no. 10).  Defendant further

argues that information concerning the subscriber of the IP address is insufficient to establish the

actual person who may have infringed the plaintiff's copyrights since someone other than the

actual subscriber may have used that IP address to download infringing materials. (*Id.*). Finally, defendant argues that plaintiff is attempting to embarrass and extort a settlement from the defendant through the use of this action and the subpoena to his ISP. (*Id.*).

Plaintiff argues that the information requested from the ISP is relevant, discoverable information and is not unduly burdensome. (Docket no. 15). Plaintiff claims the information sought from the ISP is necessary, even if the subscriber is not the infringer, because the subscriber is likely to have relevant information that would aid the plaintiff in identifying the alleged infringer. (*Id.*). Plaintiff states that it is not using this action to embarrass the defendant in the hopes of obtaining a settlement, and that it has no objection to allowing the defendant to proceed anonymously. (*Id.*).

The subpoena issued to the ISP does not subject the ISP to an undue burden, require the disclosure of privileged or other protected matter, require the ISP to comply beyond the geographic limits specified in Rule 45(c), or fail to allow a reasonable time to comply. Furthermore, the subpoena does not require the disclosure of a trade secret or other confidential research, development, or commercial information or the disclosure of an unretained expert's opinion. Accordingly, the motion to quash (Docket no. 12) under Rule 45(d)(3) is hereby denied.

In order to obtain a protective order under Rule 26(c), the movant must establish that the discovery being sought would cause annoyance, embarrassment, oppression, or undue burden or expense. Once the movant makes such a showing, the court may, for good cause, issue an order protecting the party or person. In this case, it appears that the plaintiff has agreed to the entry of a protective order allowing the defendant to proceed anonymously from public view. (Docket no. 15 at 10). Allowing the defendant to proceed anonymously at this point during the litigation

will alleviate any concerns of public embarrassment in being named a defendant during the early

stages in this case and will allow the plaintiff to pursue its copyright infringement action. For

these reasons, the court will grant in part the motion for a protective order (Docket no. 11) and

the motion for leave to proceed using pseudonyms (Docket no. 10). Pending further order of the

court, the parties shall refrain from publicly identifying the subscriber assigned IP address

68.34.102.241 ("subscriber") on the court's public docket, and shall continue to refer to

subscriber in public documents by the pseudonym "John Doe." Once additional discovery has

been conducted and the plaintiff believes it has identified the actual infringer, the court may

revisit this order to determine whether continuing to allow the action to proceed anonymously is

appropriate under the standards set by the Fourth Circuit in *Doe v. Public Citizen*, 749 F.3d 246

(4th Cir. 2014).

Entered this 12th day of December, 2014.

_____/s/_____

John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia