FILED
MAILROOM

APR - 2 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DISTRICT

Malibu Media, LLC

           Plaintiff,

v.                                    Civil Case No. 1:14-cv-01095-LO-JFA

John Doe, subscriber assigned IP address
68.34.102.241

           Defendant,

## DEFENDANT'S FIRST ANSWER TO PLAINTIFF'S COMPLAINT

Defendant John Doe ("Defendant") is identified in Plaintiff's complaint as the Internet

Service Provider (ISP) subscriber assigned Internet Protocol ("IP") address 68.34.102.241.  I am

representing myself *pro se* in this matter before the Court. I understand that *pro se* litigants are

required to follow the same rules and procedures as litigants that are represented by attorneys as

seen in *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).   I will abide by these rules and

procedures, but ask the courts indulgence as I'm not a lawyer.  I hereby answer the Complaint of

Plaintiff Malibu Media, LLC. ("Plaintiff"), Under Seal, as follows:

### Introduction

1.      Defendant avers that Paragraph 1 of the Complaint makes legal conclusions that

do not require a response, except that Defendant agrees that Plaintiff is seeking relief

under the Copyright Act (Title 17 U.S.C. § 101 et seq).

2.      Defendant denies the Plaintiff's allegations in Paragraph 2.

1

3.      Defendant denies the Plaintiff's allegations in Paragraph 3, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### Jurisdiction and Venue

4.      Defendant denies the Plaintiff's allegations in Paragraph 4, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

5.      Defendant denies the Plaintiff's allegations in Paragraph 5, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

6.      Defendant denies the Plaintiff's allegations in Paragraph 6, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

7.      Defendant denies the Plaintiff's allegations in Paragraph 7, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

### Parties

8.      Defendant denies the Plaintiff's allegations in Paragraph 8, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

9.      Defendant denies the Plaintiff's allegations in Paragraph 9. Even if the IP address in question was associated with the Wireless Firewall/Router (WFR) or network located at Defendant's residence, those facts still do not give rise to personal jurisdiction over the

Defendant. An IP address is not a person, rather it is merely a series of numbers assigned to a computer or device, which can be accessed by multiple individuals over time. Moreover, an IP address can be simulated from a separate location by an unscrupulous individual, meaning that Plaintiff's software could inadvertently flag an innocent IP address if it is being simulated or spoofed by another.

10.    Defendant denies the Plaintiff's allegations in Paragraph 10. Defendant's ISP can ONLY identify the ISP subscriber (person who pays the ISP bill) and not who allegedly downloaded/shared Plaintiff's movies. Plaintiff infers Defendant is the alleged offender with no other facts than he pays the ISP bill.

## Factual Background

11.    Defendant denies the Plaintiff's allegations in Paragraph 11, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

12.    Defendant denies the Plaintiff's allegations in Paragraph 12. Plaintiff incorrectly states that BitTorrent prevents normal Digital Millennium Copyright Act (DMCA) take down notices from being issued by copyright owners. ISPs receive DMCA take down notices from copyright owners on a daily basis. Plaintiff should have sent a DMCA take down notice to Defendants ISP as soon as the offending IP address was noted by its technical monitoring personnel on 15 December 2013 (Exhibits A & B of complaint). The ISP would have forwarded the DMCA take down notice to defendant as a normal course of its legal requirement to maintain its "safe harbor" status in accordance with the Online Copyright Infringement Liability Limitation Act. Plaintiff instead chose to allow

this alleged infringement activity to persist without taking any reasonable protective steps to limit it.

13.    Defendant denies the Plaintiff's allegations in Paragraph 13, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

14.    Defendant denies the Plaintiff's allegations in Paragraph 14, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

15.    Defendant denies the Plaintiff's allegations in Paragraph 15, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

16.    Defendant denies the Plaintiff's allegations in Paragraph 16, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

17.    Defendant denies the Plaintiff's allegations in Paragraph 17, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

18.    Defendant denies the Plaintiff's allegations in Paragraph 18.

19.    Defendant denies the Plaintiff's allegations in Paragraph 19.  IPP Limited allegedly downloaded one or more bits from "Defendant." This is factually incorrect, as the public IP (68.34.102.241) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP.  The public IP address on its own does not equal a person or

culpability for some action.  Additional investigative effort is required to identify the actual infringer.

20.     Defendant denies the Plaintiff's allegations in Paragraph 20, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

21.     Defendant denies the Plaintiff's allegations in Paragraph 21, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations

22.     Defendant denies the Plaintiff's allegations in Paragraph 22.  IPP Limited allegedly downloaded one or more bits from "Defendant."  This is factually incorrect, as the public IP (68.34.102.241) is ONLY a series of numbers which is assigned to an ISP subscriber by the ISP.  The public IP address on its own does not equal a person or culpability for some action.  Additional investigative effort is required to identify the actual infringer.  It should also be noted that simply downloading "one or more bits" from a public IP address does not constitute evidence of downloading/sharing the entire movie (or a substantial part of it).

23.     Defendant denies the Plaintiff's allegations in Paragraph 23, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

24.     Defendant denies the Plaintiff's allegations in Paragraph 24, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

25.     Defendant denies the Plaintiff's allegations in Paragraph 25. As previously stated, the public IP address assigned to defendant by the ISP in no way identifies an offender or equals culpability.  Plaintiff incorrectly claims Defendant is guilty based only on this fallacy.  Plaintiff also claims they logged third-party files identified as "Additional Evidence" ("Additional Evidence" to the complaint) are available as evidence.  Plaintiff FAILS to provide any prima facia evidence to substantiate the inference that these files are being illegally shared, that the movies are registered with the US Copyright Office, who is the copyright owner, or who the true infringer is.

26.     Defendant denies the Plaintiff's allegations in Paragraph 26, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

27.     Defendant denies the Plaintiff's allegations in Paragraph 27, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

28.     Defendant denies the Plaintiff's allegations in Paragraph 28, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations

### Miscellaneous

29.     Defendant denies the Plaintiff's allegations in Paragraph 29, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

30.     Defendant denies the Plaintiff's allegations in Paragraph 30, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT I

31.     Defendant re-affirms the answers he provided in paragraphs 1-30.

32.     Defendant denies the Plaintiff's allegations in Paragraph 32, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

33.     Defendant denies the Plaintiff's allegations in Paragraph 33.

34.     Defendant denies the Plaintiff's allegations of Paragraph 34, because the Defendant does not have sufficient knowledge or information to form a belief about the truth of the allegations.

35.     Defendant denies the Plaintiff's allegations in Paragraph 35.

36.     Defendant denies the Plaintiff's allegations in Paragraph 36. It is irresponsible for Plaintiff to allege "willful" infringement based only on an investigative lack of due diligence that could only suggest that Defendant was "the most likely infringer."

## Defenses

### FIRST DEFENSE
### Misuse of Copyright

37. Plaintiff's claims are barred by the misuse of copyright. Plaintiff intends to elicit settlement funds from Defendant, rather than prevent infringement of its copyrights. Moreover, Plaintiff has developed and engaged a litigation centric business model,

whereby Plaintiff tracks BitTorrent sites in order to locate IP addresses, which may

lead to a potential copyright infringer, in order to generate income for the alleged

downloads rather than use this as a method to stop infringements. In doing so,

Plaintiff has illegally extended its monopoly beyond the scope of copyright and

violated public policy underlying the copyright laws.

## SECOND DEFENSE
### Declaratory Judgement

38. Plaintiff incorrectly alleges that Defendant willfully infringed their exclusive rights under

United States Copyright Act of 1976, asamended, 17 U.S.C. §§ 101 et seq. (the

"Copyright Act").

39. Defendant has not infringed the copyrights of Plaintiff nor violated any exclusive rights

held by Plaintiff under the aforementioned statutes. <u>Defendant does not nor has never</u>

<u>owned a computer with a Bit Torrent client installed on it as alleged by Plaintiff in the</u>

<u>Complaint</u>. Thus, the defendant denies the allegations of copyright infringement raised by

Plaintiff.

40. Defendant is entitled to a declaration as a matter of law that Defendant has not infringed

any of the exclusive rights alleged to be held by Plaintiff.

## THIRD DEFENSE
### Rule 12(b)(6), Fed. R. Civ. P.

41. Defendant argues that Plaintiff has failed to state a sufficient factual basis to constitute a

cause of action on either count, and therefore requests a dismissal of Plaintiff's

Complaint.

42. Because Plaintiff is unable to demonstrate the Defendant committed a volitional act of infringement Plaintiff is wrongfully suing Defendant.

43. Plaintiff is unable to prove that Defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that the Defendant made a complete copy of the work alleged by Plaintiff.

44. Plaintiff has failed to raise a genuine issue of material fact as to its copyright claims. As is well-established, a fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. None of Plaintiff's responses is material in the absence of evidence that Defendant downloaded or distributed any copyrighted Malibu Media works – a complete failure of proof concerning the essential element of its claim. Plaintiff has failed to show that there is a genuine issue for trial, therefore Defendant requests a dismissal of Plaintiff's complaint with prejudice.

## FOURTH DEFENSE

### De Minimis Non Curat Lex

45. Defendant submits that Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex  (the law cares not for trifle) or *de minimis* use.

46. Any infringing activity using Defendants's Internet connection was momentary at best, and Plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by Defendant.

## FIFTH DEFENSE
### Failure to Mitigate Damages

47. Plaintiff has made no attempt to mitigate any actual or perceived damages, which Defendant expressly denies; therefore, Defendant requests dismissal of Plaintiff's

Complaint because Plaintiff has failed to take the reasonable and necessary steps to mitigate any damages.

## SIXTH DEFENSE
### Innocent Infringement

48. Notwithstanding any other defenses disclosed herein or without admitting any conduct alleged by Plaintiff, if Defendant is found liable for infringing Plaintiff's copyrighted material, then Defendant requests that the Court waive or eliminate damages because Defendant constitutes an innocent infringer under the law because other unknown personnel used his Internet connect without his knowledge or consent, thus his actions were not "willful" and he acted in good-faith.

## SEVENTH DEFENSE
### Barring of Statutory Damages and Attorney's Fees

49. Plaintiff's claim for statutory damages is barred by the U.S. Constitution. Amongst other rights, the Fifth Amendment right to due process bars Plaintiff's claim. As the Supreme Court has held, due process will prohibit an award of statutory damages meeting or exceeding a proportion of ten times or more actual damages. See State Farm Mutual Automobile Insurance Co., v. Campbell, 528 U.S. 408, 123 S. Ct. 1513, 1524 (2003); see also Parker v. Time Warner Entertainment Co., 331 F.3d 13,22 (2nd Cir. 2003); In Re Napster, Inc., 2005 WL 1287611, 377 F. Supp. 2d 796, 77 U.S.P.Q.2d 1833, (N.D. Cal. 2005). In fact, an award of statutory damages at four times actual damages "might be close to the line of constitutional impropriety." *Id.* If all of Plaintiff's settlements for infringement of the works in question are added together, the damages likely exceed beyond the statutory maximum allowed by the copyright statute.

## EIGHTH DEFENSE
### Failure to Join an Indispensible Party

50. Defendant asserts the affirmative defense of failure to join an indispensable party, in that Defendant did not engage in any of the downloading and/or infringement alleged by Plaintiff. Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works.  Plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the Internet service (ISP subscriber), and then sued them in an effort to obtain a settlement for thousands of dollars.  For failing to join the indispensible party, Plaintiff's complaint should be dismissed with prejudice as to Defendant.

## NINTH DEFENSE
### Communication Decency Act

51. As Defendant stated he did not infringe upon Plaintiff's work and other unknown personnel are responsible, Communication Decency Act (DCA), 47 USC, section 230, immunizes ISPs and their subscribers from causes of actions stemming from the action of a third party (unknown infringer).

## TENTH DEFENSE
### License, Consent, and Acquiescence

52. Plaintiff's claims are barred by Plaintiff's implied license, consent, and acquiescence to Defendant because Plaintiff authorized use via Bit Torrent.

## ELEVENTH DEFENSE
### Unclean Hands

53. Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELFTH DEFENSE
### Injunctive Relief

54. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate nor is it irreparable.

55. Pursuant to FRCP Rule 11, all possible defenses and affirmative defenses may not have been alleged herein insofar as sufficient facts are not yet available after reasonable inquiry upon the filing of Defendant's answer to the present Complaint, and therefore, Defendant reserves the right to amend its answer to allege additional defenses and affirmative defenses, if subsequent investigation reveals the possibility for additional defenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant having fully answered and pled to the causes of actions herein, Defendant requests a jury trial on the claims herein insofar as they can be properly heard by a jury and an order granting the following relief:

a. Request the court to strike paragraphs 25-28 from the complaint. Plaintiff's alleged "Additional Evidence" is merely a concealed Exhibit C. Plaintiff did not attach the "Additional Evidence" as Exhibit C, because Plaintiffs' lawyers have been sanctioned for using a list of third-party filenames that have previously been declared as Exhibit C. The alleged infringement of third-party copyrights is "immaterial to the allegations in the complaint." Further, "the

exhibit is merely a list of filenames, and it likely constitutes 'immaterial, impertinent, or scandalous matter' that should be stricken from the complaint."

b.  For entry of a permanent injunction preventing Plaintiff from naming a defendant in this BitTorrent copyright infringement case and future ones within this courts' jurisdiction based only on the fact that the ISP subscriber pays the Internet service bill.  Plaintiff should be enjoined to conduct at least a basic investigation, to include depositions to determine who the actual infringer is.  Naming a defendant based only on whom the ISP records disclose as the bill payer is wildly irresponsible.

c.  Request the court "on its own" issue a show cause order (FRCP 11(c)(3)) to Plaintiff as to why it should not be sanctioned for providing factual contentions that have no evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

d.  Request that if the court finds that Plaintiff violated FRCP 11(b), appropriate sanctions are imposed to deter future conduct by this Plaintiff or other Plaintiffs filing similar BitTorrent copyright infringement law suits within this courts' jurisdiction.

e.  A judgment in favor of Defendant denying Plaintiff's requested relief and dismissal of Plaintiff's Complaint with prejudice by this court.

DATED: March 31st, 2015

Respectfully submitted,
John Doe


By: _____
John Doe

14

## CERTIFICATE OF SERVICE

I hereby certify that on 3/31/2015, I served a copy of the foregoing document, via US Mail, on:

William E. Tabot, Esquire
Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.
1401 Mercantile Lane #105
Largo, Maryland 20774
(301) 341-2580

Dated: 3/31/2015

Respectfully submitted,

John Doe

15



Haymarket, VA 20169



CERTIFIED MAIL

7014 1200 0001 0113 5684



U.S. POSTAGE
PAID
HAYMARKET,VA
20169
MAR 31, 15
AMOUNT
$4.70
1000      22314
00105138-08

U.S. MARSHALS
INSPECTED

Attn: Clerk of Courts
Albert V. Bryan United States Courthouse
401 Courthouse Square
Alexandria, VA 22314