

FILED
MAILROOM
MAY 21 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DISTRICT

Malibu Media, LLC

        Plaintiff,

v.                                 Civil Case No. 1:14-cv-01095-LO-JFA

John Doe, subscriber assigned IP address
68.34.102.241

        Defendant,

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asks this Court to deny Plaintiff's Motion to Strike five of Defendant's affirmative defenses. The Defendant will provide additional detail that it believes provides sufficient notice of the legal and factual grounds for these affirmative defenses. Bell Atlantic v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), Ashcroft v. Iqbal, 566 U.S. 662 (2009), and will amend its Answer accordingly

### Facts & Introduction

Plaintiff Malibu Media has alleged that Defendant John Doe infringed its copyrighted works based solely on being the subscriber of assigned IP address 68.34.102.241 by ISP

Comcast. Plaintiff has not contacted Defendant for deposition in regards to this case. The Plaintiff is solely basing its claim that the subscriber is the infringer because Defendant pays the internet bill. It is the burden of the Plaintiff to identify the "actual" infringer. Comcast released the requested information subpoenaed by Plaintiff, January 2nd, 2015. Plaintiff did not amend its complaint after receiving the information from Comcast. Defendants Wi-Fi router is part of the Xfinity "neighborhood initiative" started by Comcast in 2013. This allows other Comcast users to access the internet through another subscribers Wi-Fi router. Defendant was unaware of this program and that his Wi-Fi router was available to the public until November 2014. Defendant moved into his current residence November 20th, 2013. Defendant also gave housemates permission to use his internet service in early December 2013 (Defendants residence is a house consisting of two rental units). Housemates had access to Defendants Wi-Fi router and residence. Defendant has no experience in regards to computer and internet security. Bandwidth usage by Defendant is high because Defendant streams HD & 3D movies through Netflix and Amazon Prime. Also, Defendant plays MMORPGS and buys digital copies of video games through the Playstation Store causing high bandwidth usage that Plaintiff could mistake for torrent activity.

## First Affirmative Defense
## Misuse of Copyright

Plaintiff Malibu Media does not follow 28 C.F.R. § 75.8(b)–(c) based on testimony in the Bellweather trial. In view of Ms. Field's testimony at the Bellwether trial, proffered by Malibu in support of the instant motions (Bellwether Tr., pp. 51:4–52:12) wherein she seems to explain that Malibu does not actually affix the required notice before or after the company's movies, as required by 28 C.F.R. § 75.8(b)–(c). This raises serious concerns that Plaintiff is violating 18 U.S.C. § 2257 which violates public policy and could invalidate its copyright claims. (Refer to Malibu Media LLC. vs. John Doe, 1:13-cv-03648, Document #40)

Therefore, the Plaintiff's Motion to Strike the First Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

### Third Affirmative Defense
### Rule 12(b)(6)

Plaintiff has not provided evidence that Defendant is the infringer. It is the burden of the Plaintiff to prove that the Defendant is the "actual" infringer", in which Defendant is not. (Imhaeuser v. Buerk, 101 U.S. 647, 662 (1879) ("[T]he burden to prove infringement never shifts if the charge is denied in the plea or answer."). Accord Jazz Photo Corp. v. Int'l Trade Comm'n., 264 F.3d 1094, 1102 (Fed. Cir. 2001) ("The initial burden is upon the complainant to establish its cause of action, here patent infringement; the patentee must present evidence sufficient to establish that one or more patent claims are infringed."); Nutrinova Nutrition

Specialities & Food Ingredients GmbH v. Int'l. Trade Comm'n., 224 F.3d 1356, 1359 (Fed. Cir. 2000) ("As a general proposition, the law places the burden of proving infringement on the patentee who alleges it.") Centricut, L.L.C. v. Esab Group, Inc., 390 F.3d 1361, 1367 (Fed. Cir. 2004) ("The patentee has the burden of proving infringement by a preponderance of the evidence."); Rohm & Haas Co. v. Brotech Corp., 127 F.3d 1089, 1092 (Fed. Cir. 1997) ("Infringement requires proof by a preponderance of the evidence.")

The logs provided by IPP do not provide enough evidence to identify the subscriber as the "actual" infringer of Plaintiffs copyrighted works, which is what the complaint seeks to provide relief for. All Plaintiff has provided in this case is that the subscribers Wi-Fi router was allegedly the tool used to infringe its copyrighted works. This court ruled that the logs submitted for evidence to serve the third party subpoena on ISP Comcast provided enough evidence for investigative inquiry. The logs do not provide a preponderance of evidence to show Defendant was the person infringing Plaintiffs copyrighted works. Also, Plaintiff failed to add any additional evidence gained from the third party subpoena it submitted to Defendants ISP, Comcast, when it served its complaint to Defendant in March 2015.

In a recent case in the Eastern District of Pennsylvania, the Honorable Stewart Dalzell, ruled in favor of the Defendant because Malibu Media failed to find any evidence on the Defendants computer hard drives.

"Malibu Media cannot prevail here because it does not identify **any** evidence upon which a jury could reasonably find for it. Malibu Media has failed to raise a genuine issue of material fact as to its copyright claims. As is well-established, a fact is "material" if it "might affect the outcome of the suit

4

under the governing law." [...] None of plaintiff's responses in opposition is material in the absence of evidence that Doe downloaded or distributed any copyrighted Malibu Media works-a complete failure of proof concerning the essential element of its claim. Malibu Media has failed to show that there is a genuine issue for trial." (Malibu Media, LLC. v John Doe subscriber assigned IP address 69.249.253.94; 2:14-cv-01280-SD Document 40)

Therefore, the Plaintiff's Motion to Strike the Third Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

## Fifth Affirmative Defense
## Failure to Mitigate Damages

The Defendant contends that the Plaintiff purposefully avoided taking sufficient steps to protect its copyrighted material because it is more profitable to allow its X-Art.com subscribers to distribute the X-Art content to torrent sites, and to then seek judgments and/or settlements from those who download what its own subscribers have uploaded. The Defendant further contends that the German tracking firm, IPP, knew or should have known the IP addresses of the X-Art subscribers who downloaded Plaintiff's films and subsequently uploaded those downloaded films to sites that make the films freely available on the Internet for download. In other words, The Plaintiff, either directly or through IPP, knew or should have known the identities of those who downloaded its films from X-art. And the Plaintiff, directly or through IPP, knew or should have known the identities of those subscribers who subsequently "seeded"

5

the torrent sites. The Plaintiff failed to act to reduce or eliminate the opportunity for anyone to download one of Plaintiff's films from bit-torrents. Plaintiff also failed to submit any DMCA takedown notices to Comcast. Comcast would have notified Defendant of the alleged activity and Defendant could have secured his network properly with the help of Comcast tech support.

Recent research by Defendant has found that these torrents are still being seeded. Also, the hashtags involved in these seeded torrents are available on a website and can be easily copied and pasted onto a document. Plaintiff continues to file new infringement cases alleging multiple infractions of its works in each case. This is a failure to mitigate the damage of copyright infringement.

In addition, Courts have broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination. A failure to mitigate economic damages is relevant because one purpose of statutory damages is to approximate actual damages that are difficult to prove. Courts hearing Malibu Media cases in other jurisdictions have allowed the defense of failure to mitigate damages, "reasoning that 'because [courts] ha[ve] broad discretion in determining how to award statutory damages and may consider actual damages as a factor in making that determination, a failure to mitigate damages may remain relevant, particularly because one purpose of statutory damages is to approximate actual damages that are difficult to prove.'" Malibu Media, LLC. v. Tony Zumbo, 2:13-cv-729-JES-DNF (M.D. Fla. June 17, 2014) (citing Malibu Media, LLC v. Doe, 2:13-CV-135-RLM-JEM, 2014 WL 1031336, at *2 (N.D. Ind. Mar. 17, 2014) (citing Malibu Media, LLC v. Julien, 1:12-

CV-01730-TWP, 2013 WL 5274262, at *2 (S.D. Ind. Sept. 17, 2013)); see also, Malibu Media, LLC v. Reeves, 1:12-CV00841-SEB, 2013 WL 5487424, at *2-3 (S.D. Ind. Sept. 27, 2013).

Therefore, the Plaintiff's Motion to Strike the Fifth Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

### Eighth Affirmative Defense
### Failure to Join an Indispensible Party

Plaintiff contends that Defendant stating someone else was the infringer is illogical and unsupportable. Defendant reiterates that it is the burden of the Plaintiff to identify the "actual" infringer, in which Defendant is not. (Imhaeuser v. Buerk, 101 U.S. 647, 662 (1879) ("[T]he burden to prove infringement never shifts if the charge is denied in the plea or answer."). Accord Jazz Photo Corp. v. Int'l Trade Comm'n., 264 F.3d 1094, 1102 (Fed. Cir. 2001) ("The initial burden is upon the complainant to establish its cause of action, here patent infringement; the patentee must present evidence sufficient to establish that one or more patent claims are infringed."); Nutrinova Nutrition Specialities & Food Ingredients GmbH v. Int'l. Trade Comm'n., 224 F.3d 1356, 1359 (Fed. Cir. 2000) ("As a general proposition, the law places the burden of proving infringement on the patentee who alleges it.") Centricut, L.L.C. v. Esab Group, Inc., 390 F.3d 1361, 1367 (Fed. Cir. 2004) ("The patentee has the burden of proving infringement by a preponderance of the evidence."); Rohm & Haas Co. v. Brotech Corp., 127

7

F.3d 1089, 1092 (Fed. Cir. 1997) ("Infringement requires proof by a preponderance of the evidence.").

The Plaintiff has not done any supporting investigative work including depositions to support that the Defendants affirmative defense is illogical and unsupportable. They simply obtained Defendants name and address from ISP Comcast in a third party subpoena and immediately claimed the subscriber is the infringer. Defendant rents part of a house with shared kitchen privileges. There are two other male adults living in the house. Defendant gave them permission to use his internet. They also had access to Defendants side of the house including access to the Wi-Fi router and location of the password. Defendant does not monitor any internet usage by housemates.

Also, Defendants Xfinity Wi-Fi router is part of a new "neighborhood initiative" started by Comcast in mid-2013. Defendant found out in November 2014 that his Wi-Fi router has been and continues to be part of this new program by Comcast. This allows other Comcast users to log in to Defendants Wi-Fi router and get complete access to the subscribers internet and bandwidth. This logically supports that someone other than the subscriber is responsible for infringing their copyrighted works.

Therefore, the Plaintiff's Motion to Strike the Eighth Affirmative Defense should be denied, and the Defendant be permitted to amend the Answer accordingly.

## Eleventh Affirmative Defense

## Unclean Hands

The Defendant contends that a reasonable interpretation of the fact is that the Plaintiff was an active participant in uploading its films to torrent sites. This active participation could occur in at least two ways. One way is where the Plaintiff, either personally or through agents and intermediaries, uploads its films to torrent sites. A second way is where the Plaintiff allows members of its X-Art.com site to download and save films to the member's hard drive, and then to subsequently upload those films to torrent sites. In this "passive acquiescence", the Plaintiff has unclean hands in that it aided and abetted the initial film uploads. Without those initial uploads to a torrent site, there can be no copyright infringing downloads from a torrent site. In effect, Malibu Media and IPP joined to create a "honey pot" scheme that seeds or causes to be seeded Malibu Media films on torrent sites to lure downloads and would be infringers.

Plaintiff Malibu Media also does not follow 28 C.F.R. § 75.8(b)–(c) based on testimony in the Bellweather trial. In view of Ms. Field's testimony at the Bellwether trial, proffered by Malibu in support of the instant motions (Bellwether Tr., pp. 51:4–52:12) wherein she seems to explain that Malibu does not actually affix the required notice before or after the company's movies, as required by 28 C.F.R. § 75.8(b)–(c). This raises serious concerns that Plaintiff could be violating 18 U.S.C. § 2257. This raises legal concerns of possible child pornography since most of the actresses in Plaintiffs movies are young teens from the Soviet-bloc states. (Refer to Malibu Media LLC. vs. John Doe, 1:13-cv-03648, Document 40)

Therefore, the Plaintiff's Motion to Strike the Eleventh Affirmative Defense should be denied and the Defendant be permitted to amend the Answer accordingly

## Conclusion

For the reasons stated above, the Plaintiff's Motion to Strike Affirmative Defenses should be denied for the First, Third, Fifth, Eighth, and Eleventh affirmative defenses, and Defendant granted leave to amend the Answer to the Complaint. The Plaintiff is not prejudiced by denial.

DATED: May 15th, 2015

                                                  Respectfully submitted,
                                                  John Doe

By: _____
           John Doe

## CERTIFICATE OF SERVICE

I hereby certify that on 5/15/2015, I served a copy of the foregoing document, via Certified US Mail, on:

**William E. Tabot, Esquire**
**Maddox, Hoppe, Hoofnagle & Hafey, L.L.C.**
**1401 Mercantile Lane #105**
**Largo, Maryland 20774**
**(301) 341-2580**

Dated: 5/15/2015                                     Respectfully submitted,

                                                     _____
                                                     John Doe



Haymarket, VA 20169





Attn: Clerk of Court
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314