**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | Case No. 1:14-cv-01095 |
| vs. | |
| JOHN DOE, subscriber assigned IP address 68.34.102.241, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE**

Plaintiff Malibu Media, LLC ("Plaintiff"), files its reply in support of its motion for the entry of an order striking affirmative defenses asserted by Defendant John Doe ("Defendant"), and states as follows:

## I. INTRODUCTION

Plaintiff moved to strike eleven of Defendant's twelve affirmative defenses. Defendant did not timely respond to Plaintiff's motion to strike. Defendant now, and without leave of Court, purports to file an opposition to Plaintiff's motion, conceding that his affirmative defenses were insufficiently alleged and due to be stricken. However, Defendant asks the Court to consider additional and new information to retain five of his affirmative defenses. Since Defendant's opposition is untimely and his arguments legally insufficient, this Court should grant Plaintiff's Motion to Strike in its entirety.

1

## II. ARGUMENT

### A. Defendant Concedes That Six of His Affirmative Defenses Should Be Stricken

Plaintiff sued Defendant on August 27, 2014, alleging that Defendant copied and distributed twenty nine (29) of Plaintiff's copyrighted works without consent. *See* CM/ECF 1. Defendant filed an answer on April 2, 2015, asserting twelve affirmative defenses, and Plaintiff moved to strike eleven of them on April 27, 2015. *See* CM/ECF 21, 22. Defendant's opposition (which, as discussed below, is untimely) does not address six of his affirmative defenses: declaratory judgment; injunctive relief; innocent infringement; license, consent, and acquiescence; barring of statutory damages and attorney's fees; and Communication Decency Act. *See* CM/ECF 24. Necessarily, then, Defendant implicitly concedes that the foregoing defenses are all inapplicable or insufficiently pled, and therefore it would be unfair, improper, and prejudicial to subject Plaintiff to needless and potentially time-consuming discovery. This is the paradigmatic situation for the striking of these six affirmative defenses. *See, e.g.*, *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D. N.J. 2014) (insufficient defenses should be stricken in order to save the time and expense otherwise spent in needless discovery); *U.S. v. Geppert Bros., Inc.*, 638 F.Supp. 996, 998 (E.D. Pa. 1986) (same).

### B. Defendant's Arguments To Support Five Of His Affirmative Defenses Fail

Defendant likewise concedes that the remaining five affirmative defenses that Plaintiff seeks to strike—misuse of copyright; rule 12(b)(6); failure to mitigate damages; failure to join an indispensable party; and unclean hands—are, at present, due to be stricken as insufficiently alleged. *See* CM/ECF 24. Defendant opposes the striking of these five affirmative defenses, however, claiming that he "will provide additional detail." *Id.* at p. 1. Defendant's opposition fails, both procedurally and on the merits.

### 1. Defendant's Arguments Are Procedurally Improper

First and foremost, Defendant has waived his ability to preserve his affirmative defenses of misuse of copyright; rule 12(b)(6); failure to mitigate damages; failure to join an indispensable party; and unclean hands. Plaintiff moved to strike these affirmative defenses on April 27, 2015. *See* CM/ECF 22. Consequently, Defendant had up until May 11, 2015 to file an opposition. *See* E.D. L.R. 7(F)(1) ("Unless otherwise directed by the Court, the opposing party shall file a responsive brief and such supporting documents as are appropriate, within eleven (11) days after service"); Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added…."). Defendant did not timely file an opposition; he did not file his opposition until May 21, 2015. *See* CM/ECF 24. Since Defendant did not request an extension of time or obtain leave of Court, his response to Plaintiff's Motion for Sanctions is not properly before this Court. *See* E.D. L.R. 7(F)(1); Fed. R. Civ. P. 6(d).

Even if his arguments were properly before this Court, Defendant is hoisted by his own petard. Defendant readily admits that his affirmative defenses of misuse of copyright; rule 12(b)(6); failure to mitigate damages; failure to join an indispensable party; and unclean hands were insufficiently alleged, and he thus purports, *after the fact*, to "provide additional detail." CM/ECF 24. Defendant is impermissibly attempting to have two bites at the apple. Plaintiff's Motion to Strike targets Defendant's Answer, so Defendant's attempt to plead additional detail cannot alter the Rule 12(f) analysis. Respectfully, Defendant's resort to additional fact pleading only underscores the propriety of striking his insufficiently alleged and inapplicable affirmative defenses.[1] *Accord, e.g.*, *Smith v. Am. Exp.*, No. 1:13-cv-3014, 2014 WL 1338518, *7 (S.D.

---

[1] Should Defendant choose to seek leave of Court to amend his answer, he of course may still do so. Such a motion, however, would unlikely prevail for the same reasons asserted throughout herein.

W.Va. Jan. 15, 2014) ("Although pleadings filed by a *pro se* [party] are entitled to liberal construction, this does not mean that the Court can ignore a clear failure in the [initial] pleading to allege [sufficient] facts….").

### 2. Defendant's Arguments Are Legally Insufficient

Assuming *arguendo* that the Court were to consider Defendant's arguments, as discussed below, they fail on the merits and do nothing to rebut Plaintiff's Motion to Strike.

#### a. Misuse of Copyright Defense

Defendant's first affirmative defense was the doctrine of copyright misuse. Defendant's contention was that "Plaintiff intends to elicit settlement funds from Defendant, rather than prevent infringement of its copyrights [and has] engaged a litigation centric business model … in order to generate income for the alleged downloads rather than use this as method to stop infringements." CM/ECF 21 at p. 8. Plaintiff moved to strike the affirmative defense since Defendant did not—and could not—allege that Plaintiff engaged in the requisite anti-competitive behavior. *See* CM/ECF 22 at p. 3. In response, Defendant now attempts to assert a completely different—and previously unarticulated—basis for invocation of this affirmative defense; Defendant now argues that his first affirmative defense is grounded on Plaintiff's purported failure to "follow 28 C.F.R. § 75.8(b)-(c)." CM/ECF 24 at p. 3. To support this point, Defendant refers the Court to a defendant's opposition to strike in a difference case before the Northern District of Illinois. *See id.* (referring to *Malibu Media LLC v. John Doe*, No. 1:13-cv-03648, CM/ECF 40). Defendant overlooks, though, that this argument failed—in that case the Court correctly struck the affirmative defense of copyright misuse, finding that the identical allegations asserted were plainly insufficient since "the predicate for a misuse defense is an attempt to use the copyright monopoly to control something the monopoly does not protect."

4

*Malibu Media LLC v. John Doe*, No. 1:13-cv-03648, CM/ECF 48 at p. 5. That predicate is still missing here. For these reasons, and the reasons previously articulated in Plaintiff's Motion to Strike at pages 3–4, Defendant's copyright misuse defense fails.

### b. Rule 12(b)(6)

Defendant's third affirmative defense was that "Plaintiff has failed to state a sufficient factual basis to constitute a cause of action…." CM/ECF 21 at p. 8. Plaintiff moved to strike this affirmative defense with ample authority, arguing (1) that failure to state a claim is not a viable affirmative defense; (2) that Defendant grossly misconstrues Plaintiff's pleading burden; and (3) that Plaintiff's Complaint sufficiently alleges *prima facie* direct copyright infringement. *See* CM/ECF 22 at p. 5–7. Defendant's rebuttal is that "Plaintiff has not provided evidence that Defendant is the infringer. It is the burden of the Plaintiff to prove that the Defendant is the actual infringer…." CM/ECF 24 at p. 3. Effectively, Defendant just rehashes his same arguments, and so Plaintiff incorporates its arguments from its initial Motion.

### c. Failure to Mitigate Damages

Defendant's fifth affirmative defense was that Plaintiff's claims are barred since it "has made no attempt to mitigate any actual or perceived damages." CM/ECF 21 at p. 9. Plaintiff moved to strike this defense, explaining that because Plaintiff has elected to recovery statutory damages instead of actual damages, it has no duty to mitigate and a failure-to-mitigate defense is legally insufficient. *See* CM/ECF 22 at p. 7. Defendant's opposition now attempts to introduce additional facts to support his belief that Plaintiff has not mitigated damages. But the fact remains that "a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense." *Purzel Video GmbH v. St Pierre*, 10 F. Supp. 3d 1158, 1169 (D. Colo. 2014); *see also Malibu Media, LLC v. Fitzpatrick*, No. 1:12-cv-22767, 2013 WL 5674711, *3

5

n.17 (S.D. Fla. Oct. 17, 2013) (holding that an election of statutory damages precludes the defense of failure to mitigate damages); *Clements v. HSBC Auto Fin., Inc.*, 2010 WL 4281697, *11 (S.D. W.Va. 2010) ("[T]he Court finds that there is no genuine issue of material fact as to whether Plaintiffs failed to mitigate their damages as this affirmative defense is not applicable to the imposition of statutory damages.").

### d. Failure to Join an Indispensible Party

Defendant's eighth affirmative defense was that "Defendant was simply the ISP subscriber responsible for paying for Internet access (ISP subscriber) and not the infringer of Plaintiff's works. … For failing to join the indispensable party, Plaintiff's complaint should be dismissed with prejudice as to Defendant." CM/ECF 21 at p. 11. Plaintiff moved to strike this defense, emphasizing that it is Plaintiff's contention that Defendant *is* the infringer, such that it is illogical to claim that Plaintiff is required to name another person that Plaintiff does not even believe exists (and someone who, if he exists, is known only to Defendant and not to Plaintiff). *See* CM/ECF 22 at p. 13–15. Defendant now argues that "it is the burden of the Plaintiff to identify the 'actual' infringer." CM/ECF 24 at p. 7. Defendant's position is still illogical and still misconstrues the issues in controversy—it is Plaintiff's position that it *already has* identified the actual infringer (*i.e.*, Defendant). And again, if there is someone else that Defendant believes to be the infringer, it is his responsibility to identify this individual in connection with his affirmative defense, something that Defendant still fails to do. *See Hammer v. Peninsula Poultry Equip. Co., Inc.,* No. RDB–12–1139, 2013 WL 97398, *7 (D. Md. Jan. 8, 2013) ("[T]his particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined."); *see also Joe Hand Promotions, Inc. v.*

6

*Havens*, No. 2:13-cv-0093, 2013 WL 3876176, *3 (S.D. Ohio July 26, 2013) (striking affirmative defense because defendant "fail[ed] to identify any alleged indispensable party and utterly fail[ed] to explain why any such party cannot be joined"). Moreover, and as Plaintiff has already explained, there are not any other indispensible parties to this action within the meaning of Federal Rule of Civil Procedure 19(a)(1). *See* CM/ECF 22 at p. 13–15.

As for Defendant's arguments that "Plaintiff has not done any supporting investigative work including depositions," Defendant plainly does not comprehend the litigation process. Discovery will occur in due time, but a plaintiff is not expected (or even entitled) to require would-be defendants to attend depositions prior to filing suit.

e. **Unclean Hands**

Defendant's eleventh affirmative defense stated, in its entirety, that "Plaintiff's claims are barred by the doctrine of unclean hands." CM/ECF 21 at p. 12. That is all Defendant's Answer says about his unclean hands affirmative defense. Now Defendant improperly attempts to re-plead his affirmative defense after the fact in connection with his untimely opposition to Plaintiff's Motion to Strike. This is procedurally impermissible; Defendant's recourse at this point is to demonstrate "good cause" and move for leave of Court to amend his answer. This aside, the additional factual detail that Defendant asserts is insufficient. Defendant's additional factual allegations are that "Defendant contends that a reasonable interpretation of the fact is that the Plaintiff was an active participant in uploading its films to torrent sites." CM/ECF 24 at p. 9. It is entirely unclear what Defendant means when he refers to "a reasonable interpretation of the fact," but Defendant appears to concede that he alleges these facts without <u>any</u> basis or good faith belief that they are true, simply hoping that perhaps discovery will provide some corroboration. It will not; Defendant's accusation is blatantly erroneous and necessarily made in

7

bad faith (since there is absolutely no basis for believing discovery could ever prove his claim). This is wholly improper; the federal rules prohibit asserting speculative and random defenses pending discovery and instead require defendants to plead in good faith only those affirmative defenses that have factual support at the time of filing. *See, e.g.*, *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, *4 (D. N.J. Mar. 10, 2011) ("[D]efense counsel, by signing such a pleading, certifies to the best of counsel's belief, formed after reasonable inquiry, that the defenses are warranted by [fact and law]… The Rule 11 requirement that parties have a good-faith basis for their pleadings applies to answers"); *see also MHC Investment Co. v. Racom Corp.*, 323 F.3d 620 (8th Cir. 2003) (affirming impositions of sanctions against defendant for raising affirmative defenses lacking factual support); *Hawk Technology Sys., LLC v. Brickell Fin. Centre LLC*, No. 1:13-cv-24005-PAS, D.E. 23 (S.D. Fla. Feb. 27, 2014) (directing defendant to "plead only those defenses that it can factually support at the time of filing."). Since Defendant's untimely supplemental pleading is entirely false and necessarily made in bad faith in violation of Rule 11, this Court should not allow same to cure Defendant's initial pleading failures.[2]

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order striking with prejudice eleven of Defendant's affirmative defenses and granting to Plaintiff any additional and further relief that the Court deems just and equitable under the circumstances.

Respectfully submitted,

By:   /s/ *William E. Tabot, Esq.*
William E. Tabot, Esquire #39488

---

[2] Since there is no factual basis for Defendant's outlandish allegation, Defendant cannot possibly have a good faith basis to believe that there are facts to support it. If the Court does not grant Plaintiff's motion to strike and should Defendant choose to pursue this contention, undersigned will likely advise Defendant of his ethical obligations and will serve him with a motion for sanctions for his blatant disregard of Rule 11.

> William E. Tabot, Esquire, PC
> 9248 Mosby Street
> Manassas, Virginia 20110
> Tel: (709) 530-7075
> *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

        By:  /s/ *William E. Tabot, Esq.*